UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MITCHELL E. BOUYER, SR., et al.,

    Plaintiff,

    v.

COUNTRYWIDE BANK, FSB,

    Defendant.
_____/

No. C 08-5583 PJH

**ORDER GRANTING MOTION TO DISMISS**

    Before the court is the motion of defendant Countrywide Bank, FSB ("Countrywide") for an order dismissing the complaint, or in the alternative, for a more definite statement of the claims. Plaintiffs Mitchell E. Bouyer, Sr. and Martha E. Bouyer, who are proceeding pro se, filed no written opposition to the motion by the deadline required under Civil Local Rule 7-3. Having read defendant's papers and carefully considered its arguments and the relevant legal authority, the court hereby GRANTS the motion to dismiss.

**BACKGROUND**

    Plaintiffs filed the complaint in the present action on December 15, 2008. Plaintiffs assert five causes of action against Countrywide and 10 Doe defendants: fraud, usury, abuse of process, intentional infliction of emotional distress, and trespassing. The complaint indicates that the action relates in some way to real property located in the County of Contra Costa, at 2027 Bonifacio Street, Concord, California. Plaintiffs seek

damages in excess of $2,000,000.

Officially recorded documents attached to Countrywide's Request for Judicial Notice show that in April 2004, plaintiffs purchased real property in Concord, California, taking out a $356,000 loan from Paradise Financial secured by a Deed of Trust on the property. In July 2006, plaintiffs refinanced through a new $520,000 loan from Diablo Funding, thereby apparently taking an additional $164,000 from the equity in the property. Plaintiffs defaulted on the Diablo Funding loan in 2008, and a Notice of Default and Election to Sell under Deed of Trust (showing Countrywide as the servicer of the loan) was recorded in August 2008. Plaintiffs filed this action against Countrywide and the 10 Does in December 2008.

## DISCUSSION

A.  Legal Standard

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Specific facts are unnecessary – the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)). All allegations of material fact are taken as true. Erickson, 127 S.Ct. at 2200. However, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic, 127 S.Ct. at 1964-65 (citations and quotations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative

1  level." Id. at 1965.  A motion to dismiss should be granted if the complaint does not proffer
2  enough facts to state a claim for relief that is plausible on its face.  See id. at 1966-67.
3  B.    Defendant's Motion
4     Countrywide argues that all five causes of action should be dismissed for failure to
5  state a claim.
6     1.    Fraud
7     Countrywide asserts that plaintiffs have failed to allege fraud with particularity.  The
8  elements of a claim of fraud are misrepresentation (false representation, concealment, or
9  nondisclosure); knowledge of falsity; intent to defraud (intent to induce reliance); justifiable
10 reliance; and resulting damage.  Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996).  In
11 addition, in actions proceeding in federal court, "the circumstances constituting the fraud or
12 mistake shall be stated with particularity," Fed. R. Civ. P. 9(b), including the "time, place,
13 and specific content of the false representations as well as the identities of the parties to
14 the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 ( 9th Cir. 2007)
15 (citations omitted); see also Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir.
16 2003) (averments of fraud must be accompanied by "the who, what, when, where, and how
17 of the misconduct charged") (citation and quotation omitted).
18    "[A]llegations of fraud must be specific enough to give defendants notice of the
19 particular misconduct which is alleged to constitute the fraud charged so that they can
20 defend against the charge and not just deny that they have done anything wrong."
21 Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation and quotations
22 omitted).  In addition, the plaintiff must do more than simply allege the neutral facts
23 necessary to identify the transaction; he must also explain why the disputed statement was
24 untrue or misleading at the time it was made.  Yourish v. California Amplifier, 191 F.3d 983,
25 992-93 ( 9th Cir. 1999).
26    Here, the complaint alleges that "Defendants, and all of them, and Doe Defendants 1
27 to 10, failed to disclose certain facts that they were necessarily required to disclose, and
28 went further to conceal such facts known by each of the Defendants and all of them, and

Doe Defendants 1 to 10." Cplt ¶ 9. The complaint alleges further that "Defendants, and all of them and Doe Defendants 1 to 10, knew that the Plaintiff(s) were not aware of the material facts not disclosed by the Defendants, and all of them, including Doe Defendants 1 to 10." Cplt. ¶ 10.

However, plaintiffs make no allegations against any particular defendant (including Countrywide), and plead no facts regarding any misrepresentation – including what the "facts" were that defendants "were necessarily required to disclose" – or how any misrepresentation was false or misleading, how it induced reliance, or how it was material. The court finds that the motion must be GRANTED as to the first cause of action for fraud.[1]

    2.    Usury

Countrywide argues that the usury claim should be dismissed because the complaint states no law that Countrywide violated, and no facts upon which it can be determined that plaintiffs were charged interest in excess of any legal limitation. The essential elements of usury are: the transaction must be a loan or forbearance; the interest to be paid must exceed the statutory maximum; the loan and interest must be absolutely repayable by the borrower; and the lender must have a willful intent to enter into a usurious transaction. Ghirardo v. Antonioli, 8 Cal.4th 791, 798 (1994).

Here, the complaint makes references to a promissory note, and "the bank" being "paid up front on the home using the Plaintiff(s) purchasing," and asserts that "the bank . . . immediately sold the Promissory Note, and got paid on it again, without disclosing those facts, to the Plaintiff(s), and then charged interest on credit created by the Promissory Note, including Doe Defendants 1 to 10 Inclusive." Cplt ¶ 19. However, the complaint, again, pleads no facts as to any particular defendant (including Countrywide), and pleads

---

[1] Plaintiffs, in their allegations regarding the fraud claim, also assert that "Defendants, and all of them and Doe Defendants 1 to 10, did in fact owe a Fiduciary duty to the Plaintiff(s)." Cplt ¶ 10. However, at least as to Countrywide, the relationship was not fiduciary in nature. A commercial lender is entitled to pursue its own economic interests in a loan transaction, and therefore generally does not owe a fiduciary duty to its borrowers. See Nymark v. Heart Fed. Savings & Loan Ass'n., 231 Cal. App. 3d 1089, 1093 n.1 (1991).

no facts showing that the interest rate charged exceeded the statutory maximum, or that a defendant lender had a willful intent to enter into a usurious transaction.

The court finds that the second cause of action for usury fails to state a claim, and that the motion must therefore be GRANTED, as Countrywide cannot determine what conduct is being complained of.

3.   Abuse of Process

Countrywide contends that the abuse of process claim should be dismissed because it fails to allege that any defendant initiated or prosecuted any action. To state a claim for abuse of process, a plaintiff must allege facts showing that a particular defendant used a legal process in a wrongful manner to accomplish a purpose for which it was not designed. See Spellens v. Spellens, 49 Cal. 2d 210, 231 (1957); see also Flores v. Emerich & Fiske, 2008 WL 2489900 at *11-12 (E.D. Cal., June 18, 2008).

The essential elements of this claim are that defendants acted with an ulterior motive; that a willful act or threat was committed by defendants, not authorized by the process and not proper in the regular conduct of some official proceedings; and that defendants' misuse of the legal process was a cause of injury, damage, loss or harm to plaintiff. Spellens, 49 Cal. 2d at 232.

The complaint alleges that "Defendants, and all of them, including Doe Defendants 1 to 10 Inclusive, while making specific use of their superior knowledge and skills in the area of LAW, formulated a plan of operation to create, and design documentation to present to the Plaintiff(s), all in an effort to gain the trust of the Plaintiff(s), to harm and defraud the Plaintiff(s)." Cplt ¶ 22. However, plaintiffs do not allege that any defendant, including Countrywide, had recourse to any court.

The gravamen of a claim of abuse of process is the misuse of the power of the court. See Meadows v. Bakersfield Sav. and Loan Ass'n, 250 Cal. App. 2d 749, 753 (1967). But before the power of the court can be misused, process must issue. If no process issues, there can be no abuse. "Process" is defined as "an action taken pursuant to judicial authority." Id.; see also Adams v. Superior Court, 2 Cal. App. 4th 521, 530

1  (1992). Recording a notice of default and publishing a notice of trustee's sale pursuant to
2  the terms of a deed of trust is not "process," because it is not action taken pursuant to court
3  authority either directly or by ancillary proceedings. Meadows, 250 Cal. App. 2d at 753.
4        Here, rather than a claim of abuse of process, plaintiffs appear to be asserting
5  another claim of fraud. If the claim is for fraud, it fails for the reasons set forth above. If
6  plaintiffs are referring to an actual "process," the claim fails because they plead no facts
7  relating to any action taken through the power of any court. Accordingly, the court finds
8  that the motion must be GRANTED as to the third cause of action for abuse of process.

9        4.    Intentional Infliction of Emotional Distress

10       Fourth, Countrywide asserts that the complaint fails to state a claim of intentional
11 infliction of emotional distress. The elements of intentional infliction of emotional distress
12 are extreme and outrageous conduct by the defendant with the intention of causing, or
13 reckless disregard of the probability of causing, emotional distress; the plaintiff's suffering
14 severe or extreme emotional distress; and actual and proximate causation of the emotional
15 distress by the defendant's outrageous conduct. Cervantez v. J.C. Penney Co., 24 Cal.3d
16 579, 593 (1979) (citations omitted). "For [c]onduct to be outrageous, [it] must be so
17 extreme as to exceed all bounds of that usually tolerated in a civilized community." Id.
18 (citations omitted).

19       Here, plaintiffs allege that defendants "intentionally, recklessly and without regard to
20 the probability of the emotional distress their conduct would cause to the Plaintiff(s),
21 intentionally provided false information, and even physically came onto THE PROPERTY
22 without the express written permission of the Plaintiff(s)." Cplt ¶ 28. The court finds that
23 the fourth cause of action fails to state a claim.

24       While plaintiffs assert that defendants provided false information, they plead no facts
25 indicating what the information was, or why the act of providing that information can be
26 considered extreme and outrageous conduct. Similarly, while plaintiffs allege that
27 defendants came onto plaintiffs' property without their permission, they have alleged no
28 facts showing that such entry onto the property was so extreme as to exceed all bounds of

6

1 that usually tolerated in a civilized community.  While defendants' conduct may seem

2 subjectively outrageous to plaintiffs, plaintiffs are required to plead facts showing that the

3 conduct was objectively outrageous to society, and that it caused them legitimate emotional

4 distress.  Accordingly, the court finds that the motion must be GRANTED as to the fourth

5 cause of action for intentional infliction of emotional distress.

       5.       Trespass

Countrywide contends that plaintiffs cannot maintain a claim for trespass.  "The essence of the cause of action for trespass is an unauthorized entry onto the land of another."  Miller v. Nat'l Broadcasting Co., 187 Cal. App. 3d 1463, 1480 (1986).  To state a claim for trespass, plaintiffs must allege that they owned the property; that the defendant entered their property without permission; that they (plaintiffs) suffered harm; and that the entry of a particular defendant was a substantial factor in causing that harm.  See id.

Here, plaintiffs allege that defendants "did knowingly and willingly TRESSPASS [sic] on private Land protected by a Federal Land Patent, after seeing the signs posted and the penalty for TRESSPASSING [sic] then knowingly and willingly accepted the contract, and TRESSPASSED [sic]."  Cplt ¶ 30.  The court finds that the complaint fails to plead a cause of action for trespass, because plaintiffs fail to allege that Countrywide (or any defendant) specifically entered onto the land, or that any such entry was without their express permission.  Moreover, as Countrywide notes, the Deed of Trust reflects that plaintiffs agreed that "Lender or its agent may make reasonable entries upon and inspections of the Property."

Accordingly, the court finds that the motion must be GRANTED as to the fifth cause of action for trespass.

## CONCLUSION

In accordance with the foregoing, the court GRANTS the motion to dismiss.  The dismissal is WITH LEAVE TO AMEND.  Any amended complaint shall be filed no later than April 27, 2009, and must plead facts supporting each cause of action, as detailed above.  If the complaint is not amended by that date, the court will dismiss the action.

The date for the hearing on the motion, previously set for Wednesday, April 1, 2009, is VACATED.

**IT IS SO ORDERED.**

Dated: March 24, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge