UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MITCHELL E. BOUYER, SR., et al.,

    Plaintiffs,

        v.

COUNTRYWIDE BANK, FSB, et al.,

    Defendants.

_____/

No. C 08-5583 PJH

**ORDER GRANTING MOTION TO DISMISS**

The motion of defendant Countrywide Bank, FSB ("Countrywide") to dismiss the first amended complaint came on for hearing before this court on June 24, 2009. Plaintiffs filed no opposition to the motion, and did not appear at the hearing. Countrywide appeared by its counsel Jon D. Ives. Having read Countrywide's papers and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion.

**BACKGROUND**

Pro se plaintiffs Mitchell E. Bouyer and Martha E. Bouyer own real property in the County of Contra Costa, located at 2027 Bonifacio Street, Concord, California ("the subject property"). In 2004, plaintiffs obtained a loan for $356,000 from Paradise Financial. This loan was secured by a deed of trust on the subject property. The loan was an adjustable rate loan.

In July 2006, plaintiffs refinanced by borrowing $520,000 from Diablo Funding Group, Inc. dba Bay Bancorp ("Diablo Funding"), secured by a deed of trust on the subject property. This loan was also an adjustable rate loan. Section 22 of the Deed of Trust

authorizes the lender to institute foreclosure proceedings in the event of a default.  The loan is presently in default.  A Notice of Default and Election to Sell Under Deed of Trust was recorded in August 2008.[1]

Plaintiffs filed the original complaint on December 18, 2008, against Countrywide (the loan servicer) and 10 Doe defendants, alleging five causes of action – fraud, usury, abuse of process, intentional infliction of emotional distress, and trespass.  The original complaint sought damages in excess of $2 million.

Countrywide moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all five causes of action for failure to state a claim.  Plaintiffs did not file an opposition by the March 11, 2009 due date.[2]  The court vacated the hearing date, and on March 24, 2009, issued a written order granting the motion.  The order of dismissal set forth the Rule 12(b)(6) standard, as well as the required elements of each of the five causes of action – including the claim for fraud – and explained why none of the causes of action pled in the complaint stated a claim.  The dismissal was with leave to amend.

On April 27, 2009, plaintiffs filed a first amended complaint ("FAC"), asserting five causes of action against Countrywide and the 10 Does, and also against Diablo Funding.  Plaintiffs allege that Countrywide is liable for plaintiffs' damages "due to their [sic] activities as servicer of the July 2006 Diablo Funding loan."  FAC ¶ 14.  Plaintiffs allege further that the material terms of the loan, including the interest rate, annual percentage rate, and closing costs, were misrepresented and were greater than the original Good Faith Estimate of Closing Costs given to plaintiffs.  FAC ¶ 16.

Plaintiffs also assert that the mortgage payments were "misapplied" and that unknown fees and charges were added, and that Countrywide breached its fiduciary duty to

---

[1] Copies of the two deeds of trust and the Notice of Default are attached as Exhibits A, B, and C to Countrywide's Request for Judicial Notice.  The request is granted, as these documents are part of the public record and are easily verifiable.  See Fed. R. Evid. 201(b); Castillo-Villagra v. INS, 972 F.2d 1017, 1026 (9th Cir. 1992).

[2] On March 24, 2009, after Countrywide filed a reply noting the absence of an opposition to the motion, plaintiffs filed an opposition.

2

plaintiffs when it misapplied payments and added charges and extra costs. FAC ¶¶ 17, 19. In addition, plaintiffs include vague allegations to the effect that the original note is not available because the loan has been sold, and claim that the foreclosure cannot proceed until defendants produce the original note. FAC ¶¶ 7, 29-32.

Plaintiffs also make various references to certain federal statutes. In the "Preliminary Statement" section of the FAC, plaintiffs assert that the FAC is filed under the Truth in Lending Act, 15 U.S.C. § 1601 ("TILA")

> to enforce Plaintiff's right to rescind a consumer credit transaction, to void the Defendant's security interest in Plaintiffs' home, and to recover statutory damages, reasonable fees and costs by reason of the Defendant's violations of [TILA and Regulation Z]. . . . Plaintiff seeks to exercise this right of rescission through TILA and Regulation Z due to <u>lender misrepresentation and failure to provide accurate material disclosures and deceptive predatory lender practices.</u>

FAC ¶ 4 (emphasis in original).

They allege further that they seek damages for defendants'

> violations of Federal and State statutes regarding the mortgage industry, wrongful disclosure, and lending industry practices causing damages to plaintiffs including, but not limited to, Fair Debt Collection Practices Act Civil Code 1788, Title 15 U.S.C. § 1692 and fundamental obligations owed to Plaintiffs, for declaratory relief, declaration that the alleged rights of the purported substituted trustee are invalid and illegal causing plaintiffs to incur damages.

FAC ¶ 5.

In the "Jurisdiction" section of the FAC, plaintiffs allege that jurisdiction is predicated on

> federal questions arising under the United States Code including but not limited to [TILA]; 12 U.S.C. § 2605 the Real Estate Settlement Procedures Act (RESPA) and 15 U.S.C. § 1602, et seq. commonly known as the Homeowners Equity Protection Act, as well as 15 U.S.C. § 1692 Commonly known as the Fair Debt Collection Practices Act.

FAC ¶ 9.[3]

---

[3] Plaintiffs also assert that "this is an action for Declaratory Relief pursuant to A.R.S. Chapter 10, Article 2, Sections 12-1831 et Seq., for Injunctive Relief pursuant to A.R.S. Chapter 10, Article 1, Sections 12-1801 et seq., and for rescission and other relief." FAC ¶ 6. Unaccountably, this appears to be a reference to Arizona state law.

3

Finally, in the "Background Facts" section of the FAC, plaintiffs assert that they "seek[ ] damages for their federal claims against defendants under federal laws regarding mortgage lending, banking and securities," and that "RESPA requirements and TILA requirements are clear that a loan can not be made without regard to plaintiff's ability to pay." FAC ¶ 28.

Notwithstanding the above allegations, the FAC does not actually plead any cause of action under federal law. The five causes of action asserted in the FAC are claims for injunctive relief (seeking to prevent defendants from pursuing a non-judicial foreclosure of the subject property); fraud; negligence; slander of title; and "actual fraud and unjust enrichment." The FAC seeks injunctive and declaratory relief, compensatory damages in an amount in excess of $1 million, and punitive damages of no less than $5 million.

When they filed the FAC, plaintiffs requested issuance of another summons as to Countrywide. However, no summons was issued as to Diablo Funding. Thus, Diablo Funding has not been served, and has not appeared.

**DISCUSSION**

A. Legal Standard

    1. Motions to Dismiss (12(b)(6))

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Specific facts are unnecessary – the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). All

4

allegations of material fact are taken as true. Id. However, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic, 550 U.S. at 555 (citations and quotations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. See id. at 558-59. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009).

When ruling on a Rule 12(b)(6) motion, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and must give the nonmoving party an opportunity to respond. United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). A court may, however, consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice without converting the motion to dismiss into a motion for summary judgment. Id. at 908.

Thus, "[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." Id. The court may treat such a document as part of the complaint, and may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6). Id.; see also Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

2.   Motions for a More Definite Statement (12(b)(2))

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "A Rule 12(e) motion is proper only where the complaint is so indefinite that the defendant cannot ascertain the

nature of the claim being asserted" and therefore "cannot reasonably be expected to frame a proper response." Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (2008 ed.) § 9:347 (citing Cellars v. Pacific Coast Packaging, Inc., 189 F.R.D. 575, 578 (N.D. Cal. 1999); Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F.Supp. 940, 949 (E.D. Cal. 1981)).

A motion for a more definite statement attacks intelligibility, not simply lack of detail. For this reason, the motion fails where the complaint is specific enough to apprise the defendant of the substance of the claim being asserted. Bureerong v. Uvawas, 922 F.Supp. 1450, 1461 (C.D. Cal. 1996); see also Hubbs v. County of San Bernardino, CA, 538 F.Supp. 2d 1254, 1262 (C.D. Cal. 2008).

B.      Countrywide's Motion

Countrywide makes seven arguments in support of the 12(b)(6) motion – that injunctive relief is not a cause of action; that plaintiffs have not alleged any misrepresentations constituting fraud and do not plead the fraud claim with particularity; that plaintiffs have no negligence claim; that plaintiffs have no slander of title claim; that unjust enrichment is not a cause of action; that any "unenumerated" claims fail (referring to claims under TILA, RESPA, and FDCPA); and that production of the original note is not a prerequisite for foreclosure.

1.      First cause of action for injunctive relief

In the first cause of action, plaintiffs seek an injunction to prevent the defendants "from pursuing a non-judicial foreclosure of the subject property and from offering their real property to third parties." FAC ¶ 48. Countrywide argues that this cause of action should be dismissed because injunctive relief is a remedy, not a cause of action.

Countrywide asserts further that injunctive relief may not be awarded here because the FAC does not otherwise allege that Countrywide breached any duty it owed to plaintiffs. In addition, Countrywide argues that plaintiffs lack standing to challenge a foreclosure sale, because they have not tendered the undisputed obligation in full.

The motion is GRANTED. Countrywide is correct in arguing that injunctive relief is a

6

1 remedy, not a cause of action. Moreover, as tender of the amount owed is a condition
2 precedent to any claim of wrongful disclosure or any claim challenging the regularity or
3 validity of a foreclosure sale, see Abdallah v. United Sav. Bank, 43 Cal. App. 4th 1101,
4 1109 (1996), plaintiffs lack standing to challenge the foreclosure sale.

      2.      Second cause of action for fraud

Countrywide asserts that the second cause of action for fraud should be dismissed because plaintiffs have not alleged any misrepresentations constituting fraud and have not alleged fraud with particularity.

In the second cause of action, plaintiffs allege, among other things,

    – that plaintiffs "[r]ecently . . . came to find out that no one disclosed certain facts that they were necessarily required to disclose and went further to conceal such facts known by each of the defendants and imputed to their successors and assigns," FAC ¶ 45;

    – that "defendants concealed facts relevant to the validity of the property while under a clear duty/obligation to disclose such facts to the [p]laintiffs, yet they, and each of them, chose to intentionally conceal these material facts," FAC ¶ 55;

    – that "[d]efendants have not presented the [p]laintiffs with documentation which clearly indicated that it is the owner(s) in due course knowing that such documentation was in fact false and fraudulent or does not exist," FAC ¶ 56;

    – that "[d]efendants knew that [p]laintiffs were not aware of the material facts not disclosed by them, particularly that the [p]laintiffs would not be able to readily discover such material and legal facts which would affect [p]laintiffs legal position including [p]laintiff's rightful title to the property," FAC ¶ 58;

    – that "[d]efendants concealed such material facts within their own files and records and thereby maintained complete custody and control of such fraudulent documents with [sic] tend to prove [p]laintiffs' position and/or proves to this court that the position of the defendants has no legal significance over the [p]laintiffs' legal title position," FAC ¶ 59;

    – that "[d]efendants knew that [p]laintiffs would rely on the misrepresentations

7

placed forth in the documents presented to the [p]laintiffs, namely that the defendants have ownership rights as holders in due course and hold the unaltered promissory note, and are the real party in interest to foreclose," FAC ¶ 61;

– that "[d]efendants knew that their actions through the misrepresentation of the facts would immediately cause the [p]laintiffs to lose financial interest in the property and that without the willful, intentional and fraudulent actions of the defendants the plaintiffs would not have been made to suffer any injuries," FAC ¶ 62;

– that [d]efendants and each of them have represented to [p]laintiffs and to third parties that they were the owner of rights under the mortgage agreement and promissory note regarding [p]laintiffs' real property and as to Quality they represented that they were the Trustee validly appointed and/or owners of a right to foreclosure, default, and trustee sale," FAC ¶ 64;

– that "[p]laintiffs relied on the representations of [d]efendants and attempted to negotiate in good faith believing they were the owner of the TD and Note, and that they had a real and valid ability to foreclose on [p]laintiffs' home," FAC ¶ 65; and

– that "[p]laintiffs recently learned that the Representations made by [d]efendants were not true and that these [d]efendants nor any of them are not THE OWNER of the Trust Deed and Note evidencing [p]laintiff TD, or the lawfully appointed trustee, however they have scheduled a date for foreclosure on [p]laintiff' Note and Trust Deed, misrepresenting their ownership and legal authority and at the time they made the representations and recorded the notices for foreclosure and set the trustee sale thought they knew that there was no legal authority to do so and the foreclosure would be void," FAC ¶ 69.

The motion is GRANTED. The elements of a fraud claim are misrepresentation (false representation, concealment, nondisclosure); knowledge of falsity; intent to defraud; justifiable reliance; and damages. Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996). In actions proceeding in federal court, "a party must state with particularity the circumstances constituting the fraud or mistake," Fed. R. Civ. P. 9(b), including the "time, place, and

8

specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (citations omitted). In addition, for fraud claims involving multiple defendants, the plaintiff must "identify the role of each defendant in the alleged fraudulent scheme." Id. at 765.

Here, the assertion that is closest to a factual allegation of misrepresentation is the contention that "defendants" represented to plaintiffs "and to third parties that they were the owner of the rights under their mortgage agreement and promissory note regarding Plaintiffs' real property." FAC ¶ 64. This allegation fails, however, as the July 2006 deed of trust reflects that the unserved defendant, Diablo Funding, did in fact "own" the deed of trust and the note. Thus, any statement to the effect that Diablo Funding "owns" the deed of trust was not a misrepresentation.

The fraud claim also fails because it is not pled with particularity, as required by Federal Rule of Civil Procedure 9(b). Specifically, plaintiffs have not alleged "particular facts going to the circumstances of the fraud, including the time, place, persons, statements made and an explanation of how or why such statements are false and misleading." In re GlenFed, Inc. Sec. Litig, 42 F.3d 1541, 1547-48 n.7 (9th Cir. 1994). The FAC does not identify the allegedly "undisclosed" or "concealed" facts, much less allege said facts with specificity as required by Rule 9(b).

In addition, not only have plaintiffs failed to state a claim for fraud, but they have also failed to follow the instructions in the March 24, 2009 order dismissing the original complaint, with regard to pleading a cause of action for fraud. Although the court clearly advised them what was required in order to state a claim for fraud, the FAC contains no allegations against any particular defendant; does not identify the "facts" that defendants were "required to disclose;" and does not allege how any specific misrepresentation was misleading, how it induced reliance, or how it was material.

3.   Third cause of action for negligence

In the third cause of action, plaintiffs allege that Countrywide and Diablo Funding "negligently engaged in this transactions [sic] to take from plaintiffs the homethey [sic]

9

rightfully own," and that plaintiffs have been injured as a result of this alleged negligence. FAC ¶¶ 72-73. Countrywide argues that plaintiffs have no negligence claim, as they plead no facts showing that either defendant failed to act without the requisite due care.

The motion is GRANTED. The elements of a negligence cause of action are duty, breach of duty, proximate cause, and damages. Artiglio v. Corning Inc., 18 Cal. 4th 604, 614 (1998); Mendoza v. City of Los Angeles, 66 Cal. App. 4th 1333, 1339 (1998). Here, plaintiffs have pled no facts showing breach of any duty of due care, as to Countrywide.

If by "negligently engaged in this transactions [sic]," plaintiffs are referring to making the loan, that transaction was with Diablo Funding, not with Countrywide. If plaintiffs are referring to instituting foreclosure, the defendants had every right to do so. Plaintiffs do not deny they defaulted on the loan, and § 22 of the deed of trust authorizes foreclosure in the event of an uncured default.

4.   Fourth cause of action for slander of title

In the fourth cause of action, plaintiffs allege that Countrywide and Diablo Funding "in instituting a foreclosure – which is void – have caused a cloud to be placed on the title of the subject property." FAC ¶ 76. The elements of a cause of action for slander of title are publication, falsity, absence of justification, and direct pecuniary loss. Howard v. Schaniel, 113 Cal. App. 3d 256, 263-64 (1980).

Countrywide argues that plaintiffs do not have a cause of action for slander of title. Countrywide asserts that the recordation of a notice of default is an absolutely privileged act on which no tort claim of any sort, other than malicious prosecution, may be based.

Countrywide asserts further that the slander of title claim cannot proceed for the same reason that the "cause of action" for injunctive relief cannot proceed. Tender of the amount owed is a condition precedent to any claim of wrongful foreclosure or challenging the regularity or a foreclosure procedure (which would include the recording of a notice of default) or the validity of a foreclosure sale. Countrywide contends that because plaintiffs have not averred that they are willing or able to tender the undisputed amount they owe, they cannot maintain a slander of title claim.

10

The motion is GRANTED.  California Civil Code § 2924 provides that "[t]he mailing, publication, and delivery of notices as required by this section" and the "[p]erformance of the procedures set forth in this article" both "constitute privileged communications pursuant to [Civil Code §] 47."  Cal. Civil Code § 2924(d)(1), (2).  The privilege in Civil Code § 47 "bars all tort causes of action except malicious prosecution."  Jacob B. v. County of Shasta, 40 Cal. 4th 948, 960 (2007).

In particular, the privilege bars a slander of title claim based on the recordation of a privileged document.  Albertson v. Raboff, 46 Cal. 2d 375, 378-81 (1956).  This privilege is "absolute," and cannot be defeated by alleging malice or other wrongful intent or acts.  Flatley v. Mauro, 39 Cal. 4th 299, 322 (2006); Silberg v. Anderson, 50 Cal. 3d 205, 215-16 (1990).  Accordingly, plaintiffs cannot state a claim for slander of title based on the recordation of the Notice of Default and Election to Sell Under Deed of Trust.

In addition, the slander of title claim cannot proceed for the second reason argued by Countrywide – that tender of the amount owed is a condition precedent to any claim of wrongful foreclosure or any claim challenging the regularity of a foreclosure procedure.  See Abdallah, 43 Cal. App. 4th at 1109 (tender rule applies to any cause of action for irregularity in sales procedure).

     5.    Fifth cause of action for unjust enrichment[4]

In the fifth cause of action, plaintiffs allege that Countrywide and Diablo Funding "acts [sic] in the course of the transaction alleged here, violations of federal banking laws, securities laws and F.T.C. laws; and instituting a foreclosure on plaintiffs' home in violation of law resulted in Countrywide and Diablo being unjustly enriched by the payment of fees, insurance proceeds and usurpation of equity in the subject real property."  FAC ¶ 79.

They allege further that "[a]s a result of defendants' unjust enrichment, plaintiffs have been injured and damages [sic] in that they are threatened with the loss of their real property and have lost equity in their property resulting in financial and emotional damages

---

[4] The court notes that the fifth cause of action is entitled "actual fraud and unjust enrichment."  However, none of the allegations appear to relate to fraud or misrepresentation.

11

including mental anguish." FAC ¶ 80.

Countrywide argues that the fifth cause of action for unjust enrichment must be dismissed because unjust enrichment is neither a cause of action nor a remedy, but rather is a general principle, underlying various legal doctrines and remedies, with no application here.

The motion is GRANTED. Unjust enrichment is a theory of recovery in quasi-contract, in which a plaintiff contends that a defendant obtained a benefit to which the defendant was not entitled. Paracor Finance, Inc. v. General Elec. Capital Corp., 96 F.3d 1151, 1167 (9th Cir. 1996). The California Court of Appeal has held that there is no cause of action in California for unjust enrichment. Melchior v. New Line Prods., Inc., 106 Cal. App. 4th 779, 793 (2003).

> The phrase "Unjust Enrichment" does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so. Unjust enrichment is a general principle, underlying various legal doctrines and remedies, rather than a remedy itself. It is synonymous with restitution.

Id. (quotations and citations omitted); see also Jogani v. Superior Court, 165 Cal. App. 4th 901, 910 (2008).

Under an unjust enrichment theory, restitution may be awarded either in lieu of breach of contract damages, where an asserted contract is found to be unenforceable or ineffective; or where the defendant obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct, but the plaintiff has chosen not to sue in tort. McBride v. Boughton, 123 Cal. App. 4th 379, 388 (2004).

Here, plaintiff has neither alleged a claim in quasi-contract, nor alleged entitlement to restitution based on actionable allegations that defendants obtained some benefit through fraud, duress, conversion, or similar conduct.

6.   "Unenumerated" claims

Countrywide argues that what it refers to as the "unenumerated" claims fail. Countrywide notes that plaintiffs make several references to TILA, RESPA, and FDCPA in the FAC, but asserts that plaintiffs cannot establish a claim for relief under any of those

12

statutes. The court declines to rule on this motion, as the FAC plainly does not plead a cause of action under TILA, RESPA, or FDCPA (or HOEPA, not addressed by Countrywide). The only references to these statutes are as described above in the "Background" section. None of those portions of the FAC plead any facts that could support a claim.

       7.    Claim re failure to produce original note

Plaintiffs claim in the FAC that a foreclosure cannot proceed unless the foreclosing entity holds the original promissory note, though they do not appear to be premising any of their five causes of action on this principle. Nevertheless, Countrywide argues that to the extent that plaintiffs claim that possession of the original promissory note is a prerequisite to a foreclosure action, they are mistaken.

To the extent that plaintiffs intend this claim to support any of the causes of action pled in the FAC, the motion is GRANTED. The rules that govern non-judicial foreclosure of a deed of trust are set forth in California Civil Code § 2924, et seq. These provisions establish a comprehensive and exclusive set of regulations for the conduct of such foreclosures. See, e.g., Moeller v. Lien, 25 Cal. App. 4th 822, 834 (1994). Section 2924(a)(1) provides that "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents" may commence the nonjudicial foreclosure process by recording and serving a notice of default." Nowhere in § 2924, et seq. is there any requirement that the person initiating foreclosure have physical possession of the note.

Courts have repeatedly held that California's nonjudicial foreclosure statutes are comprehensive and have refused to impose requirements not found in the statute. See Gentsch v. Ownit Mortg. Solutions Inc., 2009 WL 1390843 at *5-6 (E.D. Cal., May 14, 2009) (citing cases). In particular, for purposes of the present motion, possession of the original note is not a prerequisite to foreclosure. See, e.g., Gamboa v. Trustee Corps., 2009 WL 656285 at *4 (N.D. Cal., March 12, 2009); see also Putkkuri v. ReconTrust Co., 2009 WL 32567 at *2 (S.D. Cal., Jan. 5, 2009) (under Civil Code § 2924(a), trustee has right to initiate foreclosure process, and production of original note is not required).

13

8.  Alternative motion for a more definite statement

Countrywide argues that if any of plaintiffs' claims survive this motion, the court should require a more definite statement, as plaintiffs have not included sufficient facts in the FAC to state a claim for relief that is plausible on its face.

Having granted Countrywide's motion to dismiss in its entirety, the court finds it unnecessary to address the motion for a more definite statement.

## CONCLUSION

In accordance with the foregoing, the Countrywide's motion to dismiss is GRANTED. The dismissal is WITH PREJUDICE. As to the fraud claim, plaintiffs were previously granted leave to amend, but again failed to state a claim. As to the remaining four claims, the court finds that the deficiencies could not possibly be cured by the pleading of additional facts. Moreover, plaintiffs failed to oppose the motion or to appear at the hearing, effectively abandoning their claims.

**IT IS SO ORDERED.**

Dated:  June 25, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge